## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00769-RM-NYW

ALAN EUGENE HUMPHREY, and
WYOMING GTL, LLC, a Wyoming Limited Liability Company,

        Plaintiffs,

v.

ESCALERA RESOURCES CO., a Maryland Corporation, and
DOES 1-10, inclusive,

        Defendants.

---

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiffs Alan Eugene Humphrey and Wyoming GTL, LLC's ("Plaintiffs") Motion to Modify Scheduling Order to Extend Expert Witness Deadlines (the "Motion"). [#29, filed Mar. 28, 2016]. The Motion is before this Magistrate Judge pursuant to the Order Referring Case dated April 14, 2015 [#4] and the Memorandum dated March 28, 2016 [#30].

      Plaintiffs request a 60-day extension of discovery in order to accommodate expert discovery. [#29 at 2]. Plaintiffs state that they have completed significant discovery, but additional fact witnesses remain to be deposed. [*Id.*]. Plaintiffs argue that these fact depositions must be completed prior to expert disclosures to give the experts time to review the results of fact discovery before presenting their reports and opinions. [*Id.*]. Plaintiffs represent that they have reviewed 16,000 pages of documents they received from Defendant and are scheduled to take the depositions of three of Defendant's former officers and employees during the second and third weeks of April. [*Id.* at 3].

      Defendant opposes the Motion on the grounds that Plaintiffs have not diligently pursued retaining expert witnesses, and their own dilatory actions have caused the need for the extension they now seek. *See* [#32]. Defendant also argues that the Motion is procedurally improper because the deadline for expert disclosures was March 16, 2016, but Plaintiffs did not file their Motion requesting an extension of the expert deadline until March 28, 2016. [#32 at 3]. Defendant asserts that Plaintiffs' Motion should be denied because they have made no showing of excusable neglect in requesting a 60-day extension of case deadlines well after the main deadline

at issue has passed.

The court agrees with Defendant. Fed. R. Civ. P. 6(b)(1)(B)(2) provides:

Extending Time

(1) In General. When an act must be done within a specified time, the court may for good cause, extend the time:
\*\*\*
(B) on motion made after the time has expired if the party failed to act because of excusable neglect

Here, Plaintiffs request a 60-day extension of the expert deadline from March 16, 2016 to May 16, 2016, *see* [#29 at 7], in a Motion dated March 28, 2016. However, Plaintiffs do not even attempt to address how their belated request for this extension is due to excusable neglect. In addition, the Practice Standards of the presiding judge, the Honorable Raymond P. Moore specifically provide "[t]o be granted, such motions require a showing of good cause. Unless the circumstances are unanticipatable and unavoidable, the following do not constitute good cause: inconvenience to counsel or parties, press of other business, scheduling conflicts (especially when more than one attorney has entered an appearance for a party), or agreements by counsel." Moore Civ. Practice Standard IV.J.

Accordingly, the court **DENIES** Plaintiffs' Motion to Modify Scheduling Order to Extend Expert Witness Deadlines [#29] on the basis that there is no showing of excusable neglect to account for Plaintiffs missing their deadline for initial expert disclosures by almost two weeks.

DATED: April 19, 2016