IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-cv-00769-RM-NYW

ALAN EUGENE HUMPHREY, an individual, and
WYOMING GTL, LLC, a Wyoming LLC,

    Plaintiffs,

v.

ESCALERA RESOURCES CO., a Maryland Corp.,

    Defendant.

---

## ORDER
---

This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law on Colorado Securities Fraud Cause of Action (the "Renewed Motion") (ECF No. 137) seeking relief under Fed. R. Civ. P. 50(b) after a jury verdict was reached in favor of Plaintiff Alan Eugene Humphrey ("Mr. Humphrey) on his claim under § 11-51-604(3), Colo. Rev. Stat., of the Colorado Securities Act. Upon consideration of the Renewed Motion, Mr. Humphrey's Response, Defendant Escalera Resources Co.'s Reply, the court record, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Renewed Motion is DENIED.

### I.     BACKGROUND

This action arises from a failed gas-to-liquid ("GTL") plant project which involved, among other things, Mr. Humphrey's April 2014, $500,000 stock purchase in Escalera and the parties' May 30, 2014, "Letter Agreement." The Letter Agreement contemplated the parties would "commence negotiating a definitive written agreement" which would govern the parties'

relationship concerning the GTL plant. (Trial Exhibit 6.) No definitive agreement was ever reached and disputes arose between the parties, resulting in this lawsuit.

Plaintiffs' complaint alleged six causes of action: (1) fraud in the inducement; (2) fraud; (3) securities fraud – under the federal and Colorado securities act; (4) declaratory relief; (5) breach of contract; and (6) breach of the implied covenant of good faith and fair dealing. Escalera filed one counterclaim for breach of contract. Escalera also filed a Motion for Summary Judgment which the Court granted in part and denied in part by Order dated February 16, 2017 (the "Order"). While Escalera's Motion for Summary Judgment addressed the securities fraud claim under the federal securities act, it failed to address such claim under the Colorado Securities Act. Therefore, the Court did not address the merits of, much less grant summary judgment on, this claim.

The Court held a trial preparation conference where the parties agreed they would present all their evidence at trial, even as to the declaratory judgment claim to be decided by the Court after trial. Trial to a jury was held from August 7-11, 2017. During the first day of the trial, before jury selection, the Court reminded the parties that the summary judgment motion did not address the Colorado Securities Act in any way (including remedies) and asked the parties to brief what subsections of Colo. Rev. Stat. § 11-51-604 were at issue as well as the remedies, stating that rescission may still be in play as to the Colorado Securities Act claim.

In Mr. Humphrey's brief, filed the morning of August 8, 2017, he identified Colo. Rev. Stat. §§ 11-51-501(1) and 11-51-604(3) as the subsections on which his Colorado Securities Act claim was based, and that rescission was a remedy available under § 11-51-604(3). That section provides, in relevant part:

> Any person who recklessly, knowingly, or with an intent to defraud sells or buys a security in violation of section 11-51-501(1)…is liable to the person buying or selling such security…for such legal or equitable relief that *the court* deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees.

(Emphasis added.) Escalera's response brief, filed August 9, 2017, argued that the Court's Order concluded Mr. Humphrey waived any right to rescission. Escalera further argued that even if the Order did not apply to the Colorado Securities Act claim, "it is *undisputed* that it applied to his various proposed remedies," including rescission. (ECF No. 115, page 2, emphasis added.) In other words, Escalera contended that the Order finding Mr. Humphrey waived his right to rescission applied to *all* claims, even the Colorado Securities Act claim which was not mentioned at all in the papers on the Motion for Summary Judgment. Of course, the briefs – along with what the Court had advised the parties on the morning of the first day of trial – showed to the contrary. Meanwhile, Mr. Humphrey testified during August 7-8, with both sides inquiring about his $500,000 stock purchase, and the fact that he still owned the stock (which he testified was "worthless") as of the time of trial.

On day three of trial, after Plaintiffs rested, as relevant here, Escalera moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) on the Colorado Securities Act claim based on the argument that no allowable damages existed. (ECF No. 156, page 420, ll. 16-21.) Escalera argued (1) the Court had found Mr. Humphrey waived his right to rescission in its Order, and (2) if that remedy was not already determined waived as to the Colorado Securities Act claim, the evidence at trial plus the evidence submitted in support of the Motion for Summary Judgment (which evidence Escalera failed to elicit at trial) supported waiver of rescission. (ECF No. 156, page 425, ll. 1-20.) The Court, however, had reminded Escalera that the Court did not address the Colorado Securities Act claim and its ruling did not speak to a

3

statute that it had not even looked at in reviewing the Motion for Summary Judgment. (ECF No. 156, page 424, ll. 14-22.) In addition, the Court found the evidence at trial was such that the issue of waiver should be submitted to the jury. Accordingly, the Court allowed the Colorado Securities Act claim to go forward, to be decided by the jury, with rescission as the remedy.[1] The jury returned a verdict in favor of Mr. Humphrey on this claim. Escalera's Renewed Motion pursuant to Rule 50(b) followed and is now before the Court.

## II. LEGAL STANDARD

"Under Rule 50(b), the district court may allow judgment on the jury's verdict, order a new trial, or enter judgment as a matter of law for the moving party." *In re: Cox Enterprises, Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017). The court "may grant judgment as a matter of law only when 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Id.* (quoting Rule 50(a)(1)). Thus, such judgment "is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Id.* (quotation marks and citation omitted). The court's "task is to determine whether a jury could render a verdict in favor of the non-movant." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017). The court "must construe evidence and inferences in favor of the nonmoving party, and avoid substituting [its] judgment for that of the jury." *Id.* (quotation marks, citation, and brackets omitted).

---

[1] Escalera renewed its Rule 50 motion again after it rested, with no additional arguments. The Court's ruling remained the same. (ECF No. 156, page 588, ll. 1-8.)

## III. ANALYSIS

### A. Escalera's Arguments

Escalera raises three arguments as to why the issue of rescission should not have gone to the jury and judgment should be entered in its favor as a matter of law. First, Escalera contends the Court already found, via Escalera's Motion for Summary Judgment, that Plaintiffs could not recover rescission on any of their claims, including Mr. Humphrey's Colorado Securities Act claim. Next, Escalera contends the Court determines Mr. Humphrey's remedy under Colo. Rev. Stat. § 11-51-604(3) and Mr. Humphrey has presented insufficient evidence to allow the Court to award rescission. Finally, Escalera contends that by his arguments in response to Escalera's Rule 50(a) motion at trial, Mr. Humphrey elected to affirm rather rescind his stock purchase. The Court addresses each argument in turn.

### B. Escalera's Motion for Summary Judgment and this Court's Order

Escalera argues (and has argued) the Court ordered that the remedy of rescission may not be had under *all* of Plaintiffs' claim – including the Colorado Securities Act claim to which Escalera's Motion for Summary Judgment failed to address. Escalera apparently contends the Court did so because, as Escalera claims in its Renewed Motion, it sought summary judgment on: (1) "certain" of Plaintiffs' causes of action – meaning all but the Colorado Securities Act claim; (2) its counterclaim; and (3) Plaintiffs' remedies as to "all of Plaintiffs' causes of action." (ECF No. 137, page 2.) Thus, Escalera asserts, in addressing Escalera's arguments regarding rescission as a remedy, the Court addressed such remedy as to all claims, even that which Escalera failed to address in its motion.[2] Mr. Humphrey argues to the contrary, asserting that

---
[2] If Escalera contends its failure to address the Colorado Securities Act was not an omission but, rather, intentional, such contention is, at best, disingenuous. Indeed, based on the record, one would surmise that Escalera inadvertently omitted to address the Colorado Securities Act (*i.e.*, forgot that the securities act claim was based not only on federal but also state securities law). After all, for example, Escalera moved for summary judgment, not

5

because Escalera did not address the Colorado Securities Act claim, the Court did not (and could not have) concluded the rescission remedy was inappropriate for such claim. The Court agrees, as shown by the record.

Here, the record shows the Court did not rule, and could not have ruled, on what remedy was or was not feasible under the Colorado Securities Act claim.

- Section 11-51-604 of the Colorado Securities Act contains many subsections;

- As the movant, it was Escalera's burden to identify that for which it sought summary judgment. Escalera failed to identify much less address the Colorado Securities Act in *any respect*, whether it be the bases for liability or the remedies available under the Act;

- There are different remedies available under § 11-51-604, depending on which subsection(s) a claimant is relying on. Here, that information was unknown to the Court as Escalera failed to provide it (or them) for consideration;

- Under § 11-51-604(3), a person who violates § 11-51-501(1) is liable "for such legal or equitable relief that the court deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees";

- Under § 11-51-604(4), a person who violates § 11-51-501(1)(b) is liable for "the consideration paid for the security, together with interest at the statutory rate from the date of payment, costs, and reasonable attorney fees, less the amount of any income received on the security, upon the tender of the security, or is liable for damages if the

---

*partial* summary judgment. It strains credulity that Escalera intentionally omitted this one claim in its argument attacking the merits of the claims but specifically included this (unidentified) claim in its request for dismissal based on the remedies – especially when the federal and state securities claims are based on the same facts. Instead, it appears that Escalera's motion did not, and was not intended to, address that which it forgot. Regardless, as the Court has repeatedly stated, it did not (and, indeed, could not) address a claim *in any respect* which was not brought before it for consideration.

buyer no longer owns the security." Such "tender" "may be made at any time before entry of judgment." C.R.S. § 11-51-604(6);

- Escalera's Motion for Summary Judgment addressed rescission generally in the context of rescinding contracts.[3] It was Mr. Humphrey who raised rescission specifically in the context of the federal securities claim.[4] And, it was this securities claim (not some other unknown and unidentified securities claim) the Court addressed in finding a waiver of rescission; and

- Escalera's contention notwithstanding, Mr. Humphrey had *not* "persistently" or otherwise argued (or recognized) at trial that his request for $500,000 as to the *Colorado Securities Act* claim was based on "benefit of the bargain" and not rescission in recognition that such remedy was out. Instead, an examination of the trial record – where this Court was present – shows that such argument was addressed to the *federal* securities act claim. (ECF No. 156, page 435, ll. 7-15, 22-25; page 436, ll. 1-2; pages 437-8, ll. 4-25 to 1-3; pages 438-9, ll. 20-25 to ll. 1-20.)

Accordingly, Escalera's contention that the Court somehow determined what may (or may not) be recoverable on an unidentified claim that Escalera failed to bring to the Court's attention is, simply, not well taken.[5] *See Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 622 (10th Cir. 1992) ("A request for damages…does not constitute a cause of action; rather damages are a remedy for a legal wrong.")

In summary, Mr. Humphrey's Colorado Securities Act claim was not addressed on the merits or as to any remedy in the Order. Thus, the fact that the Court determined at trial that

---

[3] ECF No. 54, pages 14-15.
[4] ECF No. 58, pages 18-20.
[5] Escalera asserts the Order "did not distinguish between Mr. Humphrey's various securities fraud causes of action" (ECF No. 137, page 2), but the Court need not have done so. After all, Escalera raised only the federal securities claim for the Court to consider.

there was insufficient evidence of "delay damages" to go to the jury did not leave Mr. Humphrey without any remedy on this claim.⁶ This leads to an examination of Escalera's next arguments as to why the jury verdict in favor of Mr. Humphrey should be rejected.

**C. Rescission: Whose Decision and What Decision?**

As stated, the jury returned a verdict in favor of Mr. Humphrey on his claim under the Colorado Securities Act seeking rescission. Escalera, however, contends such remedy may not be had because:

(1) The *court* – not a jury – determines what remedies, if any, are appropriate for violation of Colo. Rev. Stat. § 11-51-604(3). In other words, although not so stated, the issue of rescission should not have been submitted as part of the instructions to the jury;

(2) This remedy can be awarded only to a party who acted promptly upon the discovery of any alleged fraud to return the parties to the *status quo ante*;

(3) "Promptly" required the rescinding party to immediately return the property involved, even before a lawsuit is filed;

(4) The only evidence at trial showed Mr. Humphrey remained a shareholder, even through trial;

(5) Mr. Humphrey did not send a letter tendering his shares to Escalera until after trial; and

(6) Mr. Humphrey did not tender the actual shares (certificate(s)).

---

⁶ To the extent Escalera still contends the evidence was insufficient to submit to the jury on the issue of waiver, this is rejected. As Escalera recognizes, the only evidence it elicited was that Mr. Humphrey was still a shareholder, even at trial. It could hardly be said that, based on this record, the evidence only points one way (in favor of Escalera) and is susceptible to no reasonable inferences which may support Mr. Humphrey's position (of non-waiver).

8

In response, Mr. Humphrey asserts the jury awarded him $500,000, *i.e.*, granted his request for rescission in the amount of $500,000; there was sufficient evidence for the Colorado Securities Act claim to be submitted to the jury and Escalera fails to argue much less show otherwise; whether Mr. Humphrey was sufficiently prompt in returning his shares was a question of fact for the jury which was returned in his favor, a result for which there are no reasonable grounds to second-guess in light of the evidence and of Colo. Rev. Stat. § 11-51-604(6); and Mr. Humphrey's interest in Escalera was held in street name[7] through his brokerage – thus, there are and were no physical shares to tender.

Escalera's reply avers Mr. Humphrey failed to present any evidence at trial that he took any effort to rescind his stock purchase, much less rescind promptly; Mr. Humphrey's post-trial arguments about why he kept his shares through trial were never presented to the jury, are not a part of the trial record, and are without merit; and Mr. Humphrey never raised Colo. Rev. Stat. § 11-51-604(6) at trial. The Court addresses them in this section, starting with those which may be readily determined.

First, Mr. Humphrey's post-trial arguments concerning why he allegedly did not (or could not) tender the shares were not presented at trial. Mr. Humphrey fails to address why such arguments may be heard now or to sufficiently show that tender could not have been made due to Escalera's bankruptcy. Thus, these arguments will not be considered in evaluating the Renewed Motion.

---

[7] When a security is held under a "street name" registration, it "is registered in the name of [the investor's] brokerage firm on the issuer's books, and [the investor's] brokerage firm holds the security for [the investor] in 'book-entry' form. 'Book-entry' simply means that [the investor] do[es] not receive a certificate. Instead, [the investor's] broker keeps a record in its books that [the investor] own[s] that particular security." U.S. Securities and Exchange Commission website at https://www.sec.gov/reportspubs/investor-publications/investorpubsholdsechtm.html (last visited May 30, 2018). *See Garling v. U.S. EPA*, 849 F.3d 1289, 1297 n.4 (10th Cir. 2017) (recognizing that courts may take judicial notice of information on government websites).

Next, as to Mr. Humphrey's legal argument relying on Colo. Rev. Stat. § 11-51-604(6) to show that his tender was timely under § 11-51-604(3), the Court agrees this was raised post-trial. That begs the question, however, of whether this argument was required to have been raised previously in light of Escalera's post-trial arguments regarding tender and that rescission is to be decided by the Court and not the jury. Regardless, the Court finds (as Escalera appears to implicitly contend) that § 11-51-604(6) relates to § 11-51-604(4),[8] a subsection which Mr. Humphrey did not rely on to support his state securities claim. Specifically, § 11-51-604(4) provides that a seller who violates that provision is liable to the buyer, who may sue to recover the consideration paid for the security "upon tender of the security," if the buyer still owns the security. Concomitantly, § 11-51-604(6) provides that "[a]ny tender specified in this section may be made at any time before entry of judgment." "Tender," however, is not specified in § 11-51-604(3), the subsection relied upon by Mr. Humphrey and on which the jury verdict was based. While the word "rescission" appears, Mr. Humphrey fails to show how or why any "tender" which may be implicated by such rescission must be governed by § 11-51-604(6). Accordingly, the Court finds, on this record, it is not.

Third, as to Escalera's argument relying on Mr. Humphrey's failure to tender the actual shares (certificates), no evidence has been presented that such actual certificates exist. As such, this argument will not be considered.

The Court turns now to Escalera's last, interrelated, two-prong argument. First, that this Court should decide what remedy is available; and, second, that rescission is not available due to insufficiency of evidence to support such a remedy. The Court finds that even if it is to decide the remedy, it decides that rescission may be had.

---

[8] And, perhaps, to the 10 other subsections in which the word appears in § 11-51-604. But, that question is not before the Court.

Mr. Humphrey did not specifically address the court-versus-jury argument but does assert the question of rescission was submitted to the jury and the jury found in Mr. Humphrey's favor on this question. Mr. Humphrey is correct; these matters were submitted to the jury for consideration, without objection or argument by Escalera that rescission was for the Court to implement should no waiver be found by the jury.[9] Thus, along with instructions concerning the elements of the claim and Escalera's affirmative defense of waiver, the jury was instructed as follows:

> **Instruction No. 23**:
>
> Plaintiff Alan Eugene Humphrey seeks the remedy of rescission on his Colorado securities fraud claim. Rescission is the avoidance, cancellation, or setting aside of a transaction or otherwise placing parties in their prior status. If you find in favor of Plaintiff Humphrey, the Court *will implement* the remedy of rescission.

(ECF No. 134, emphasis added.) And, in their verdict form, the jury answered as followed: "Do you find in favor of Plaintiff Alan Eugene Humphrey on his claim for Colorado securities fraud seeking the remedy of rescission? (Yes or No) Answer: <u>Yes</u>." (ECF No. 132.)

The issue was submitted to the jury in this manner because the only argument Escalera raised at trial on the rescission issue was waiver – that Mr. Humphrey waived the right to rescission by his actions. Thus, if the jury found there was no waiver by Mr. Humphrey, there was no impediment to the Court implementing rescission. Accordingly, on this record, as Escalera did not object to the jury instruction or verdict form, Escalera waived any objection to submitting the rescission remedy issue to the jury for consideration. *See* Fed. R. Civ. P. 51; *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1190 (10th Cir. 1997); *Unishippers Global Logistics, LLC v. DHL Exp. (USA), Inc.*, 526 F. App'x 899, 910 n.4 (10th Cir. 2013) (party waived argument that equitable estoppel lies in equity and was not within province of jury where

---

[9] As stated, Escalera objected to the submission of rescission to the jury but only on the basis that such remedy was waived. Escalera never argued at trial that if the rescission issue was to be heard, it must be decided by the Court.

11

it never specifically objected to jury instructions on this ground).[10] Thus, what is left now is for the Court to *implement* the remedy.

Even assuming, *arguendo*, there was no waiver by Escalera, this leaves the Court to decide whether rescission is "appropriate." Escalera relies on several cases to support the contention that Mr. Humphrey's failure to tender back his shares upon discovery of the fraud precludes the remedy of rescission, but the Court is not persuaded. For example, at issue in *Estate of Counseling Serv., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 303 F.2d 527 (10th Cir. 1962) was the election of remedies under Utah law, with the Tenth Circuit stating that a party with the right to rescind cannot delay the exercise of that right to determine whether avoidance or affirmance would be more profitable. The same concept was considered in *Weber v. Wittmer Co.,* 26 F. Supp. 13 (W.D.N.Y. 1938). There is nothing in the record here, however, by way of evidence or argument, that any alleged delay in tendering shares was made as Mr. Humphrey was "hedging his bets." Further, in *Feldman v. Pioneer Petroleum, Inc.*, 813 F.2d 296, 301 n.10 (10th Cir. 1987), the Tenth Circuit stated that under *Estate of Counseling*, *supra*, a plaintiff must act promptly, else he waives his right to rescind. This brings the Court back to any waiver by Mr. Humphrey.

Here, the parties agreed waiver was to be decided by a jury, and the jury found no waiver. Mr. Humphrey argues that the Court should not second-guess the jury's verdict. If the Court were to find that rescission may not be had, the Court agrees that it would be second-guessing as the evidence presented at trial was that Mr. Humphrey still owned his shares – and that he testified they were "worthless." Regardless, at issue is the Colorado

---

[10] The Court recognizes that Mr. Humphrey did not raise these arguments, but the Court was obviously present during trial and at the jury instruction conference and is well aware of what positions the parties took.

Securities Act and the Colorado Supreme Court has stated "[a] party seeking to rescind a contract must return the opposite party to the *status quo ante*, or the position in which he or she was prior to entering into the contract." *EarthInfo., Inc. v. Hydrosphere Resource Consultants, Inc.*, 900 P.2d 113, 118 (Colo. 1995). Further, this rule is equitable and not technical, "and it requires the use of practicality in the readjustment of the parties' rights." *EarthInfo., Inc.*, 900 P.2d at 118-9. "How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court, under the facts as found to exist by the trier of the fact." *Smith v. Huber*, 666 P.2d 1122, 1124–25 (Colo. App. 1983); *see also EarthInfo., Inc.*, 900 P.2d at 119 ("it is within the trial court's sound discretion to determine the method for accomplishing a return to the *status quo ante*"). And, concomitantly, "[a] party must rescind a contract within a reasonable time, but what constitutes a reasonable time depends upon the facts of a particular case and must be determined by the trier of fact." *Ralston Oil & Gas Co. v. July Corp.*, 719 P.2d 334, 340 (Colo. App. 1985). Here, based on the facts as determined by the jury – that Escalera violated the Colorado Securities Act and Mr. Humphrey did not waive the remedy of rescission – the Court finds that rescission may be had and is to be implemented.

### D. Election of Remedies

Escalera's second argument is that Mr. Humphrey's trial conduct demonstrated he elected to pursue damages on his fraud and securities fraud causes of action, in acknowledgement that rescission had been determined waived by the Court. Mr. Humphrey disputes the Court determined waiver as to the Colorado Securities Act claim. As stated above, the Court made no such determination. Further, Escalera's position here relies on Mr. Humphrey's arguments at trial concerning his theory of recovery for his *federal* securities claim as that of the "benefit of

13

the bargain." *See* Section III.B, above. As such, those arguments do not show Mr. Humphrey elected affirmance rather than rescission as to his *Colorado* securities claim.

IV. **REMEDY**

The Court finds that rescission may be had by Mr. Humphrey. The Court is to restore the parties to their *status quo ante*, and Mr. Humphrey presents evidence that he has tendered his shares to Escalera, which tender has been rejected. Mr. Humphrey argues that he has no physical certificates to tender, while Escalera argues physical certificates have not been tendered. Even if Mr. Humphrey has no physical certificates to tender, if his shares are held under a street name registration, Mr. Humphrey must have an account with his brokerage firm which reflects his ownership of the shares. Such ownership – however held – must be transferred back to Escalera. On this record, the Court does not have sufficient information (*e.g.*, the account number and identity of the brokerage firm) in which to fashion an order to transfer the shares in return for Mr. Humphrey's $500,000 investment. The Court is also cognizant of the Bankruptcy Court's Order allowing Plaintiffs to proceed with this litigation "but not to seek to enforce any judgment Alan Eugene Humphrey and/or Wyoming GTL may obtain against the Debtor or the Debtor's post-petition property." *In re Escalera Resources Co.,* No. 15-22395 TBM (Bankr. Colo. filed Dec. 10, 2015). The Court will address this as appropriate in the order of transfer.

V. **CONCLUSION**

Based on the foregoing, it is **ORDERED**

(1) That Defendant's Renewed Motion for Judgment as a Matter of Law on Colorado Securities Fraud Cause of Action (ECF No. 137) is **DENIED**;

(2) That on or before **June 22, 2018**, Defendant Escalera Resources Co. may present evidence that such stock certificates exist; and

(3) That on or before **June 22, 2018**, Plaintiff Alan Eugene Humphrey shall present evidence concerning his ownership of the Escalera Resources Co. shares, including, but not limited to, the identity of the brokerage company which holds his shares and the account number in which the shares are held.

DATED this 31st day of May, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge