**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-00769-RM-NYW

ALAN EUGENE HUMPHREY, an individual, and
WYOMING GTL, LLC, a Wyoming LLC,

    Plaintiffs,

v.

ESCALERA RESOURCES CO., a Maryland Corp.,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiffs' Motion for Attorney Fees and Costs (the "Motion") (ECF No. 146), filed on behalf of Plaintiff Alan Humphrey, seeking attorney fees and costs pursuant to Colo. Rev. Stat. § 11-51-604(3). Defendant filed a response, to which Plaintiffs replied. The Motion is ripe for resolution.

## I.    BACKGROUND

The parties are well versed with the extensive background, so it will not be repeated here. In summary, the jury found in favor of Mr. Humphrey on his claim for Colorado securities fraud and he was awarded the remedy of rescission. Mr. Humphrey now seeks an award of attorney fees and costs under the Colorado Securities Act ("Act").

## II.    ANALYSIS

Section 11-51-604(3), Colo. Rev. Stat., provides, in relevant part: "Any person who recklessly, knowingly, or with an intent to defraud sells or buys a security in violation of section 11-51-501(1)…is liable to the person buying or selling such security…for such legal or equitable

relief that *the court deems appropriate,* including…costs[] and reasonable attorney fees."
(Emphasis added.)  Defendant raises a number of arguments as to why no award of fees and costs should be had but the Court is not persuaded.

First, Defendant argues that Mr. Humphrey waived his right to attorney fees by not including such fees in his jury instructions.  But, as Mr. Humphrey argues and the statute so provides, the issue of whether to award fees is to be determined by the Court.  Defendant's reliance on *O'Neill v. Cal. Farms, Inc.*, No. 12-cv-00676-WYD-KMT, 2013 WL 5467074, at *18 (D. Colo. Sept. 30, 2013) is misplaced as the statutory sections at issue there were §§ 11-51-604(1) and (4).

Next, Defendant asserts equity does not favor an award to Mr. Humphrey, for Mr. Humphrey allegedly fails to explain why the Court should exercise its discretion; the Act was only one of many causes of action in this lawsuit and Plaintiffs lost most of their case; Defendant prevailed on its counterclaim; and Mr. Humphrey allegedly seeks to misuse the Act to recover all fees and costs incurred by both Plaintiffs.  The Court finds Mr. Humphrey has sufficiently shown to the contrary to overcome Defendant's contention that *no fees* should be awarded.  For example, Mr. Humphrey confirms he is the only Plaintiff who seeks fees and costs.  And, Mr. Humphrey seeks fees based on the jury verdict in his favor finding securities fraud and the policy behind the Act of protecting investors, factors which the Court agrees support an award of fees and costs.  *See* Colo. Rev. Stat. § 11-51-101(2) ("The purposes of this article [51] are to protect investors and maintain public confidence in securities markets while avoiding unreasonable burdens on participants in capital markets.  This article is remedial in nature and is to be broadly construed to effectuate its purposes.")  And, of course, the Court is well versed with all facets of this case.  In summary, the Court finds the record sufficient to award fees and costs.

2

Mr. Humphrey's assertion that he expended well over $600,000 in fees, however, causes the Court to pause. First, any fees and costs request must be for prosecuting only his successful claim under the Act and those related to it (*e.g.*, Defendant's defenses to such claim) – not for the prosecution of this entire case. *See Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005) ("Plaintiff can only obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it."). Further, any fees and costs request must be reasonable. Mr. Humphrey's briefing must demonstrate it is so.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED** that Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 146) is GRANTED in that Plaintiff Alan Humphrey shall be awarded reasonable attorney fees and costs pursuant to Colo. Rev. Stat. § 11-51-604(3) for his claim made under the Colorado Securities Act; and it is

**FURTHER ORDERED** that, in accordance with Fed. R. Civ. P. 54 and D.C.COLO.LCivR 54.3, the parties shall brief the amount of reasonable attorney fees and costs to be awarded as follows: (1) opening brief due within 21 days of the date of this Order; (2) response brief due within 14 days after service of the opening brief; and (3) reply brief due within seven days after service of the response brief.

DATED this 24th day of September, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge